IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 2, 2004 Session

## MELODY LYNN MICHAEL v. JOHN WILLIAM MICHAEL, JR.

**Appeal from the Circuit Court for Blount County**
**No. E-19330     W. Dale Young, Judge**

### FILED FEBRUARY 27, 2004

### No. E2003-01214-COA-R3-CV

On September 6, 2002, Melody Lynn Michael ("Wife") filed suit against her husband, John William Michael, Jr. ("Husband"), seeking a divorce, custody of the couple's minor child, and ancillary relief. The complaint reflects that Husband is an active-duty member of the United States Air Force.[1] Service of process on Husband was attempted through the Secretary of State "by certified or registered mail" directed to Husband at his acknowledged address in Waldorf, Maryland. The Secretary of State notified the clerk of the trial court that his correspondence to Husband was returned by the United States Postal Service with the notation that it was "refused." When there was no response filed by Husband to Wife's complaint, Wife, on November 25, 2002, filed a motion for default judgment. The motion was heard and granted on January 6, 2003, and subsequently memorialized in a default judgment and judgment of divorce entered January 24, 2003. A motion to set aside the default judgment and judgment of divorce was filed by Husband on February 14, 2003. Following a hearing on April 7, 2003, the trial court entered an order on May 6, 2003, denying the motion. Husband appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Robert M. Cohen, Maryville, Tennessee, for the appellant, John William Michael, Jr.

Jerry G. Cunningham and Melanie E. Davis, Maryville, Tennessee, for the appellee, Melody Lynn Michael.

**OPINION**

---

[1]The complaint also reflects that Wife is a member of the United States Air National Guard.

I.

The sole issue in this case is whether the trial court abused its discretion when it refused to set aside the default judgment and final judgment of divorce.

II.

By his verified motion to set aside, Husband states that when, in September, 2002, the Secretary of State attempted service of process on him in Maryland, he was assigned on temporary duty at Scott Air Force Base in Illinois. He says that he

> was unaware that certified or registered mail had arrived for him and his roommates did not inform him that there had been any notice of certified or registered mail.

In his motion, Husband states that he first became aware of the divorce action "on or about the first week of December of 2002." His first notice was "when he received a copy of the [p]laintiff's Motion for Default Judgment and Notice of Hearing." The record reflects – by way of the certificate of counsel for Wife – that, on November 22, 2002, said counsel mailed copies of the motion and notice directly to Husband and also through the Secretary of State advising Husband that a hearing was scheduled for January 6, 2003, at 9:00 a.m., on Wife's motion for default judgment. In his motion, Husband states that he received the correspondence sent by counsel for Wife directly to him at an address at Bolling Air Force Base, Washington, D.C. This was the correspondence he received in the first week of December, 2002.[2]

Husband, again by his verified motion, says that he contacted the office of Wife's counsel and was faxed a copy of the complaint and original summons "on or about December 27, 2002." He further recites that he

> attempted to negotiate the terms of the divorce in good faith with [Wife's] attorney, but he never received a response to his last proposal.

Husband states that, "on or about December 31, 2002," he faxed a letter "to the Clerk & Master" and included a copy of a travel order "showing that [he] had temporary duty . . . in New Jersey for training purposes from January 6, 2003, through February 13, 2003."

The verified motion further recites that Husband retained the services of a Blount County attorney, Allen Bray, to make an appearance on his behalf at the January 6, 2003, hearing scheduled

---

[2]The identical correspondence from the Secretary of State was returned marked "attempted, not known." That correspondence had been sent to the Waldorf, Maryland address.

on Wife's motion for default. The motion goes on to recite that Mr. Bray called him at approximately 8:30 a.m. on January 6, 2003,

> and informed [him] that he [*i.e.*, Mr. Bray] had discovered a conflict and could not represent [him].

Finally, Husband says that his rights under the "Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. §§ 501, *et seq*.," were violated in the process that led to the entry of the default judgment and final judgment.

### III.

Jurisdiction over the person of Husband is predicated upon Tenn. R. Civ. P. 4.05(5).[3] Husband does not challenge the validity of the trial court's exercise of power in this case.

### IV.

We have recently addressed the law applicable to motions to set aside default judgments. In an excellent opinion authored by Judge Patricia J. Cottrell, we said the following:

> The decision to enter a default judgment is reviewed for abuse of discretion. Similarly, motions to set aside default judgments are addressed to the trial court's discretion. A trial court's denial of a motion to set aside a default judgment, like the decision to enter a judgment by default, will not be reversed absent an abuse of discretion. Thus, our role is to determine whether the trial court abused its discretion.
>
> A party seeking to have a lower court's holding overturned on the basis of abuse of discretion undertakes a heavy burden. The abuse of discretion standard is intended to constrain appellate review and implies "less intense appellate review and, therefore, less likelihood of reversal." As a general principle, an appellate court will not

---

[3]Tenn. R. Civ. P. 4.05(5) provides as follows:

> When service of summons, process, or notice is provided for or permitted by registered or certified mail, under the laws of Tennessee, and the addressee, or the addressee's agent, refuses to accept delivery, and it is so stated in the return receipt of the United States Postal Service, the written return receipt, if returned and filed in the action, shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.

reverse a decision that lies within the discretion of the trial court unless it affirmatively appears that the lower court's decision was against logic or reasoning and caused injustice to the complaining party. The fact that a decision is discretionary with a trial court necessarily implies that the trial court has a choice of alternatives among a range of acceptable ones; the reviewing court's job is to determine whether the trial court's decision is within the range of acceptable alternatives, given the applicable legal principles and the evidence in the case.

*State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193-94 (Tenn. Ct. App. 2000) (citations omitted).

V.

The trial court orally granted a default judgment at the hearing on January 6, 2003. That date was exactly four months after the filing of Wife's complaint for divorce. Despite this passage of time, Husband had not filed an answer or otherwise responded to the complaint. When the motion for default judgment came on to be heard, the trial court was presented with the following: a suit that had been pending for approximately 120 days; proof of effective service, pursuant to the provisions of Tenn. R. Civ. P. 4.05(5), on September 13, 2002; and the failure of Husband to respond to Wife's complaint. We do not need to cite any authority to support the assertion that, when faced with this record, the trial court acted in full compliance with the law when it entered a default judgment against Husband and proceeded to consider Wife's suit *ex parte*.

Husband admits that he was aware of the pending divorce "on or about the first week of December of 2002." This was approximately 30 days before the motion for default judgment was scheduled to be heard; still, Husband did not file a response to the complaint. He attempts to show his diligence by stating that, in these 30 days, he attempted to negotiate a settlement with Wife's attorney, but he offers no explanation as to why he failed to take any steps to respond to Wife's suit. His efforts to settle the case are laudatory, but those efforts do not excuse his failure to tend to his responsibilities with respect to the pending legal proceeding.

Husband says he retained Attorney Bray to represent him, but fails to say when he did so and whether he instructed Mr. Bray to file an answer in advance of the January 6, 2003, hearing. The fact that Mr. Bray discovered a conflict and did not advise him of this discovery until the morning of January 6, 2003, begs the question. The real question is why the suit was not responded to once Husband learned that he had been sued for divorce.

VI.

Husband urges this court to vacate the trial court's default judgment and judgment of divorce because he claims that court violated certain provisions of the "Soldiers' and Sailors' Civil Relief

Act, 50 U.S.C. §§ 501, *et seq*." In this connection, the parties bring the following sections of that act to our attention:

*50 U.S.C. § 510(3)*

> In any action or proceeding in which a person in the military services is a party, if that party does not personally appear therein and is not represented by an authorized attorney, the Court may appoint an attorney to represent him . . . .

*50 U.S.C. § 520(1)*

> In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment.

These provisions do not mandate a vacating of the trial court's order of default and final judgment of divorce. 50 U.S.C. § 520(1), while applicable to Husband because he "is in such service," only requires action by the court "on application." No such application was filed in the instant case. The other provision – 50 U.S.C. § 510(3) – is not mandatory. It provides the court "*may* appoint an attorney to represent" the serviceman. (Emphasis added). In this case, we find no abuse of discretion in the trial court's failure to appoint an attorney. There is nothing in the record to indicate that Husband asked for such an appointment or that he was in need of appointed counsel. On the contrary, the fact that he hired, first Mr. Bray and then his present counsel, indicates a financial ability to secure private counsel.

This case is not about the Soldiers' and Sailors' Civil Relief Act; this case is about the failure of Husband to diligently defend this suit. We find no abuse of discretion in the trial court's order refusing to set aside its default judgment and judgment of divorce.

The judgment of the trial court is affirmed.  Costs on appeal are taxed against John William Michael, Jr.  This case is remanded to the trial court for collection of costs assessed there, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE